STATE, *ex rel.* P. T. MILLER, Petitioner, *v.* WILLIAM S. MOSELEY, AUDITOR OF PUBLIC ACCOUNTS, Appellant.

*Salaries—Ordinance.*—The ordinance of the Convention of October 16, 1861, reduced the salaries of the officers therein named, for year ending September 1, 1862. The reduction was absolute, and not a mere withholding for a time of a portion to be made up afterwards.

### Petition for Mandamus.

The petition of the undersigned, P. T. Miller, respectfully showeth unto this honorable court, that since the 28th of August, 1861, he has been and still is the warden of the Penitentiary of the State of Missouri, duly commission-

ed and qualified, and that his salary as such warden during said period was and now is two thousand dollars per annum. That the Convention of the State of Missouri, by the second section of an ordinance providing for abolishing certain offices, reducing salaries and testing the loyalty of civil, officers and offering amnesty to certain persons in certain cases, adopted October 16, 1861, provided as follows, namely:

" 5. That the salaries of all civil officers in this State, so far as the same are paid out of the State treasury, or made a burden on the county treasuries by State legislation, be, and are hereby reduced twenty per cent. during the year ending 30th September, 1862 ; and said per centage shall be deducted from the amount of said salaries, and withheld from said officers from and after the passage of this ordinance, until the said 30th day of September, A. D. 1862."

That for the period commencing on the said 16th day of October, 1861, and ending on the said 30th day of September, 1862, there was deducted and retained from his yearly salary as fixed by law 20 per cent., or three hundred eighty-three and 70-100 dollars, which he has never received. That on the 1st day of April, 1864, he presented his account (hereto annexed) to the Auditor of Public Accounts for the said sum so withheld, the same being due him from the State, for the period last aforesaid, and that said auditor refused to allow the same and to issue a warrant on the treasurer therefor.

*E. B. Ewing* and *Napton*, for petitioner.

It is submitted that the fifth section of the ordinance of October 16, 1861, only suspends the payment of 20 per cent. of the salaries of the officers therein referred to for a given period. This is the obvious import of the last clause of the section. It is to be withheld or held back until the 30th September, 1862. Had it been designed to reserve absolutely this per cent. from the salaries for the period named, this object would have been fully attained by the first clause of

the section.    Considered by itself, this is its only effect.    It reduces the salaries a given per cent. and for a definite period, but the following sentence shows manifestly that the reduction is not absolute, but only relates to the time of payment.    It could not, of course, be merely withheld or retained until the 30th of September, 1862, and at the same time absolutely reserved.    If there is any such reservation, it can be found only in the first clause, considered by itself; and such an interpretation gives no effect to the second, but treats it as a nullity.

*Glover & Shepley*, for respondent.

Bates, Judge, delivered the opinion of the court.

The language of the fifth section of the ordinance may be a little awkward, but we have not the slightest doubt of its meaning.    The reduction of salaries for the time mentioned was absolute, and not a mere withholding of a portion for a time to be made up afterward.

The first clause of the section absolutely reduced the salaries, and apparently for the full period of one year ; and the second clause was added to fix more definitely the period of time during which the reduction should continue, that is, from the passage of the ordinance (October 16, 1861) until the 30th day of September, 1862 ; which day was no doubt chosen because it was one fixed by law for the quarterly payment of salaries, and the Convention purposely avoided giving to the ordinance any retroactive effect.

Mandamus refused.    Judges Bay and Dryden concur.